UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE PENNINGTON, *et al*., | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | **CIVIL ACTION NO. H-03-4163** |
| | § | |
| RONALD BAYLOUS, *et al*., | § | |
| | § | |
| **Defendants.** | § | |

MEMORANDUM AND ORDER

This case arises under the Fourth Amendment to the United States Constitution and 42

U.S.C. § 1983.  Plaintiffs Leslie Pennington, suing on her own behalf and as next friend of Alton

Mathis, and Carol Pennington, suing as next friend of Ebony Simon,[1] allege that Defendants

Ronald Baylous and Patricia Chillis, both Houston City police officers, violated Plaintiffs' rights

while acting under color of state law.  Defendants have moved for summary judgment.  After

reviewing the parties' filings, the Court has concluded that Defendants' motion should be and

hereby  is **GRANTED** as to Plaintiffs' state law claims against Defendants in their official

capacities and **DENIED** as to all other claims.

I.      BACKGROUND

        The parties' accounts of the facts giving rise to this case conflict in almost every

particular.  All agree, however, that Defendants arrived at Leslie Pennington's ("Pennington")

home on August 21, 2002, in response to a call from an employee of the Houston Bureau of

Animal Regulation and Care ("ARC").  Pennington, Mathis, and Simon were present in the

home when Defendants arrived.  Defendants attempted to serve Pennington with citations issued

by the ARC employee.  An altercation ensued and culminated in the arrests of Pennington,

---

1 Carol Pennington has abandoned her individual claims, and the Court will not discuss them here.  (*See* Pls.' Resp.
to Defs.' Mot. for Summ. J. at 4 n.9.)

Mathis, and Simon.

Plaintiffs filed their original petition in this case in state court, alleging that Defendants' actions in entering Pennington's home and forcibly arresting Plaintiffs violated Plaintiffs' Fourth Amendment rights to be free from the use of excessive force, unreasonable searches and seizures, false arrest, and false imprisonment.  Plaintiffs also allege violations of Texas law prohibiting false arrest, false imprisonment, and malicious prosecution.  According to Plaintiffs, when Pennington declined to sign the animal control citations, pointing out that they accused her of having ten dogs when in reality she had only three, Defendants entered her home and, without provocation, assaulted all three occupants, arrested them, and held them in police cars on a hot day without air conditioning for an extended period of time.  Plaintiffs claim to have suffered physical and psychological injuries as a result of these events.  Defendants removed this case and have now moved for summary judgment. Defendants argue that Plaintiffs' claims should be dismissed for lack of supporting evidence and because they are barred by the City's sovereign immunity and the officers' qualified immunity.

## II.    ANALYSIS

### A.    Standard of Review

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c).  "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett* , 247 F.3d 206, 210 (5th

Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a

verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th

Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Id*.

      **B.**     **The Excessive Force Claim**

          **1.**     **Claims against Defendants in their individual capacities.**

As Defendants concede, excessive force is actionable as a Fourth Amendment violation

under § 1983. *See Brosseau v. Haugen*, 125 S. Ct. 596, 598 (2004) (evaluating arrestee's § 1983

excessive force claim against arresting officer under the Fourth Amendment's "objective

reasonableness" standard). "To state a claim for imposition of excessive force, [a plaintiff is]

required to show that he (1) suffered some injury, which (2) resulted from force that was clearly

excessive to the need for force, (3) the excessiveness of which was objectively unreasonable."

*Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998). Defendants admit in their

motion that each of these elements is disputed. (Defs.' Mot. for Summ. J. at 10-13.) They

nonetheless argue that summary judgment is appropriate because Plaintiffs have provided no

support, other than their own statements, for any of the three elements. *Id.* As Plaintiffs point

out, however, "[c]redibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling

on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986).

Plaintiffs have provided sufficient evidence to survive summary judgment. The facts recounted in the sworn statements of Plaintiffs and their witnesses would, if true, allow a reasonable jury to find that Defendants used excessive force in violation of Plaintiffs' Fourth Amendment rights. Pennington and Mathis have claimed physical injuries and supported those claims with testimonial evidence of the specific events and harms that they suffered. (*See* L. Pennington Dep. at 17, 29-49, 55-58, 65-67; Simon Dep. at 60; Mathis Dep. at 32-35, 48-49, 55-56.) Simon has provided testimonial evidence--both her own and that of Leslie Pennington--supporting her claim that she suffered psychological injuries. (*See* Simon Dep. at 71-83, 110-113, 118, 127; L. Pennington Dep. at 51.) Despite Defendants' implication (Defs.' Mot. for Summ. J. at 11) that Simon's psychological injuries did not result "directly and only from the use of force that was clearly excessive to the need," *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 487 (5th Cir. 2001), Simon has submitted evidence that they did. (*See* Defs.' Mot. for Summ. J. Ex. E, at 4-6 (C. Pennington's Responses to Defendant Baylous's First Set of Interrogatories); *id.* Ex. F at 2, 4 (C. Pennington Dep.).)

Furthermore, if the events took place as Plaintiffs describe them in sworn statements, a reasonable jury could find that Defendants used excessive force that was objectively unreasonable. Plaintiffs claim that they did not assault or otherwise provoke Defendants into using physical force and that Defendants nonetheless pushed, hit, and otherwise abused them, arrested them, and left them in closed police cars with no air conditioning in the sweltering heat

of a Houston summer for extended periods of time.  The fact that Defendants have submitted

their own sworn statements to the contrary does not relieve them of their obligation to convince a

trier of fact that their version of the story is the more accurate.

Plaintiffs' original Petition states in the caption that it is brought against Defendants in

their individual as well as in their official capacities.  (Pls.' Pet. at 1.)  Defendants are not entitled

to sovereign immunity for their official actions.  *See Hafer v. Melo* , 502 U.S. 21, 27 (1991) ("A

government official in the role of personal-capacity defendant . . . fits comfortably within the

statutory term 'person.'").  Nor can Defendants claim qualified immunity from suit at this stage

on the ground that their alleged conduct did not violate "clearly established statutory or

constitutional rights of which a reasonable person would have known."  *Jacquez v. Procunier* ,

801 F.2d 789, 791 (5th Cir. 1986) (quoting *Harlow v. Fitzgerald* , 457 U.S. 800, 818 (1982)).

"[A] court should not dismiss a case 'unless it appears beyond a doubt that the plaintiff can prove

*no set of facts*  in support of his claim which would entitle him to relief."  *Id.*   Here, the facts

alleged by Plaintiffs might well entitle them to relief, as police officers should certainly be

expected to know that the Constitution protects individuals against arbitrary and groundless

intrusions and arrests.

### 2.    Respondeat superior.

Defendants correctly point out that Plaintiffs, by suing them in their official as well as

their personal capacities, are in effect also suing the City of Houston.  *Hafer*, 502 U.S. at 25

("Suits against state officials in their official capacity . . . should be treated as suits against the

State."); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (same).  A city is liable under § 1983 when "(1) a policy (2) of the city's policymaker (3) . . . caused (4) the plaintiff to be subjected to a deprivation of [a] constitutional right." *Grand Staff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  Defendants contend that Plaintiffs have not adequately pled or proven that the City of Houston had a policy that endorsed or condoned unprovoked assaults by police on civilians.

Defendants' own motion, however, refers to the sworn affidavit of Houston Department Police Academy Officer Loretta James, which states that, "[b]ased on the actions of the suspects, Baylous['s] and Chillis['s] actions were in accordance with [the Houston Police Department's] policies and procedures."  (Defs.' Mot. for Summ. J. Ex. K at 32.)  James was not present when Plaintiffs were arrested; her conclusions are based upon her evaluation of the depositions and arrest report.  *Id.*  Should the trier of fact determine that Plaintiffs' version of the events, not Defendants', is the true one, a reasonable jury might well go on to conclude that James's complete reliance upon Defendants' account supports a finding that the Houston Police Department has a policy of discounting suspects' allegations of abuse and exonerating all officers accused of misconduct.

The jury could then find that such policy caused Plaintiffs' injuries.  *See Monell*, 436 U.S.

at 690-91 ("[L]ocal governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."); *Adickes v. S.H. Kress & Co.* , 398 U.S. 144, 167-68 (1970) ("Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."); *Webster v. City of Houston* , 735 F.2d 838, 841 (5th Cir. 1984) (holding that a municipality is liable under § 1983 for constitutional violations resulting from a "persistent, widespread practice" of which the municipality has actual or constructive knowledge).  Because there is evidence in the record supporting Plaintiffs' claim that their injuries resulted from an official policy or practice, granting summary judgment for Defendants on the issue of municipal liability for the excessive force claim is not appropriate**.**

> **C.**     **The Unreasonable Search and Seizure Claim**
>
> > **1.     Claims against Defendants in their individual capacities.**

Plaintiffs also claim that Defendants violated the Fourth Amendment guarantee against unreasonable searches and seizures by arresting Plaintiffs without probable cause and without a warrant.  (Pls.' Original Pet. at 4; Pls.' Resp. to Defs.' Mot. for Summ. J. at 20-21.)  Defendants are correct in pointing out that "Plaintiffs must allege sufficient facts from which to show that a reasonable person in Officers Baylous['s] and Chillis'[s] situation would have known that their

actions violated clearly established constitutional rights."  (Defs.' Mot. for Summ. J. at 21.)  *See also Babb v. Dorman* , 33 F.d 472, 477 (5th Cir. 1994) ("'Qualified' or 'good faith' immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal quotation marks omitted).

Here, contrary to Defendants' claim that Plaintiffs have offered only "conclusory language" to support their claim, Plaintiffs have alleged detailed facts that, if true, could support a finding that Defendants knew that their actions violated the Fourth Amendment, the purpose of which is to prevent unwarranted intrusions upon individuals' privacy and liberty.  According to Defendants, "Officers Chillis and Baylous observed all three plaintiffs commit assaults against the officers.  There is no dispute that these offenses were committed within the officer[s'] presence and view since the officers were the victims of the assaults."  (Defs.' Mot. for Summ. J. at 22.)  But, of course, Plaintiffs make the very same claim on their own behalf: that they have incontrovertible evidence that they were the victims of unprovoked assaults, since they themselves experienced and can testify to the assaults.  At the summary judgment stage, the allegations of the non-movant must be taken as true.  Thus, the Court cannot grant summary judgment on the issue of qualified immunity--or any other issue--based solely upon Defendants' highly disputed version of the facts.

### 2.  Respondeat superior.

As with the excessive force claim addressed *supra*, Plaintiffs' search and seizure claim, as

made against Defendants in their official capacities, must be read as a claim against the City of

Houston.  This constitutional claim is authorized under § 1983, and, as explained above, the

record contains sufficient evidence of an official policy or custom to preserve the claim beyond

the summary judgment stage.

### D.    The False Arrest and False Imprisonment Claims

With regard to these Fourth Amendment claims, Defendants allege only that they are

entitled to qualified immunity because they had at least "arguable" probable cause to arrest and

imprison Plaintiffs.  (Defs.' Mot. for Summ. J. at 24.)  In other words, Defendants argue that

even if probable cause to arrest Plaintiffs did not actually exist, Defendants were reasonably

mistaken in their belief that it did.  *See Anderson v. Creighton* , 483 U.S. 635, 641 (1987).  This

contention, like Defendants' other arguments, is premised upon the assumption that the facts of

the case are as Defendants claim them to be.  At the summary judgment stage, however, the

Court must assume that the facts are as *Plaintiffs* allege them to be.  According to this standard,

Plaintiffs have established a genuine issue of material fact as to whether Defendants could

reasonably have believed that probable cause supported their arrest and imprisonment of

Plaintiffs.

### E.    Pendent State Claims

#### 1.    Claims against Defendants in their individual capacities.

Plaintiffs also allege claims under state law governing false arrest, false imprisonment,

and malicious prosecution.  Pendent jurisdiction over state claims exists wherever the

9 / 12

relationship between federal and state claims "permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). It is appropriate where all claims arise from a "common nucleus of operative fact." *Id.* Here, Plaintiffs' federal claims survive summary judgment, and their state claims arise from the same series of events and involve the same factual issues underlying the federal claims. Thus, pendent jurisdiction is proper, and the Court declines to dismiss Plaintiffs' state law claims against Defendants in their individual capacities.

### 2. Sovereign immunity and the state claims.

Plaintiffs' state law claims of false arrest, false imprisonment, and malicious prosecution arise under the Texas Tort Claims Act, Tex. Civ. Prac. & Remedies Code Ann. § 101.0215 (Vernon 2005), which provides:

> A municipality is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to:
>
> (1) police and fire protection and control . . . .

However, another section of the same statute expressly preserves municipalities' sovereign immunity to claims for intentional torts:

> This chapter does not apply to a claim:

. . . .

    (2) arising out of assault, battery, false imprisonment, or any other intentional tort

. . . .

*Id.* § 101.057.  The statute's meaning is clear and unequivocal: a municipality cannot, under

Texas law, be held liable for torts like those alleged here.  Therefore, Plaintiffs' state law claims

against Defendants in their official capacities, which are in effect claims against the City of

Houston, must be dismissed.

**CONCLUSION**

    Because Plaintiffs have sufficiently pled and supported their Fourth Amendment and §

1983 claims for excessive force, unreasonable search and seizure, false arrest, and false

imprisonment against Defendants in their personal and official capacities, and their state law

claims for false arrest, false imprisonment, and malicious prosecution against Defendants in their

personal capacities, Defendants' motion for summary judgment, Docket No. 24, is **DENIED** as

to those claims.  Because Plaintiffs' state law claims of false arrest, false imprisonment, and

malicious prosecution against Defendants in their official capacities must be read as claims

against the City of Houston, and because the City possesses sovereign immunity to those claims,

Defendants' motion for summary judgment, Docket No. 24, is **GRANTED** as to those claims.

**IT IS SO ORDERED**.

SIGNED this 15th day of September, 2005.

Keith P. Ellison
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**